Attorney I.D. No: 031451982
WEINER LAW GROUP LLP
629 Parsippany Road
P.O. Box 438
Parsippany, NJ 07054-0438
Phone: (973) 403-1100    Fax: (973) 403-0010
Attorneys for defendants, City of Englewood and Detective Juan C. Moreno
Our File No: 89010
2585703v1  89010 answer ajb 1-12-2023

| | |
|---|---|
| BIRGITTA KARLEN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ENGLEWOOD AND JUAN MORENO, JOHN AND JANE DOES 1-10 (fictitious names),<br><br>Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>DOCKET NO: 2:23-cv-00012<br><br>**ANSWER TO AMENDED COMPLAINT, SEPARATE DEFENSES, JURY DEMAND AND CERTIFICATION** |

Defendants, City of Englewood, a public entity and municipal corporation with principal offices located at 2-10 North Van Brunt Street in the City of Englewood, Bergen County, New Jersey, and Detective Juan C. Moreno, a sworn member of the City of Englewood Police Department, who at all relevant times was acting in the course of his employment with the City of Englewood deny all allegations of the Factual Background of plaintiff's Amended Complaint as memorialized in paragraphs 6 through 14 thereof to the extent that some are construed to imply that defendants acted negligently, carelessly, recklessly or improperly in any respect. Otherwise at this point in time defendants have no knowledge or information sufficient to form a belief regarding the truths of those allegations leaving plaintiff to her proofs, and as concern the substantive counts of her Amended Complaint defendants respond as follows.

## FIRST COUNT

1.  Defendants repeat and reallege their responses to all allegations memorialized in the Factual Background at paragraphs 6 through 14 of the Amended Complaint as if set forth at length herein.

2.  Defendants admit the allegations of paragraph 16 of the First Count of the Amended Complaint.

3.  Defendants deny the allegations of paragraph 17 of the First Count of the Amended Complaint.

WHEREFORE, defendants, Township of Englewood and Detective Juan C. Moreno demand judgment dismissing plaintiff's Amended Complaint, with prejudice.

## SECOND COUNT

1.  Defendants repeat and reallege their answers to each and every allegation of the First Count of the Amended Complaint as if set forth at length herein.

2.  Defendants do not concede that the statement fully and accurately memorializes current doctrine.

3.  Defendants do not concede that the statement fully and accurately memorializes current doctrine.

4.  Defendants deny the allegations of paragraph 21 of the Second Count of the Amended Complaint.

WHEREFORE, defendants, Township of Englewood and Detective Juan C. Moreno demand judgment dismissing plaintiff's Amended Complaint, with prejudice.

## SEPARATE DEFENSES

1.    The incident which forms the basis of this litigation, and which allegedly caused the injuries and damages to plaintiff, was proximately caused or contributed to by the fault of third parties not parties to this suit. The responsibility of these defendants and the right of plaintiff to recover in this litigation can only be determined after the percentages of responsibility of all parties to this litigation have been determined. Accordingly, this defendant seeks an adjudication of the percentage of fault of plaintiff and each and every person whose fault contributed to this incident.

2.    Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

3.    These defendants did not violate any duty owed to plaintiff under common law, statute, regulations or standards.

4.    These defendants had no policy, scheme, practice nor custom to violate the constitutional rights of any of any citizens, nor do these defendants have a custom, policy, scheme or practice to tolerate or permit violations of constitutional rights.

5.    These defendants deny the allegations of improper conduct as set forth in plaintiff's Complaint; however, the alleged misconduct does not rise to the level of a Constitutional violation.

6.    These defendants, in carrying out their duties, acted in good faith and without malicious intent to deprive plaintiff of her constitutional rights.

7.    No malicious intent of causing a deprivation of plaintiff's constitutional rights has been factually set out against these defendants.

8.     Without admitting that plaintiff's civil rights were violated, these defendants aver that in any event these defendants are shielded from liability for civil damages because the alleged conduct did not violate clearly established statutory and/or constitutional rights of which a reasonable person would have known.

9.     At all times relevant hereto, these defendants were protected by a qualified privilege, and as such plaintiff is barred from any recovery herein.

10.    Without admitting that plaintiff's civil rights were violated, plaintiff's claims are not actionable inasmuch as there is no evidence that the alleged governmental misconduct was the result of deliberate indifference by these defendants.

11.    At no time relevant to this litigation did plaintiff sustain any violation of her civil rights pursuant to a governmental policy or custom thereby precluding plaintiff from maintaining any causes of action for violation of civil rights.

12.    Plaintiff has failed to establish a prima facie case of violation of 42 U.S.C. 1983.

13.    These defendants expressly and specifically reserve and implead any and all rights, remedies and immunities pursuant to the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:9-2(c), et seq., and as such plaintiff is barred from recovery.

14.    These defendants are immune from any prejudgment interest in the event of a judgment pursuant to the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:9-2.

## JURY DEMAND

The within defendant demands trial by jury.

## CERTIFICATION

I certify that the within pleading was served within the time period allowed under

4

The Federal Rules of Civil Procedure, and that there is no other action pending in this or any other Court or in arbitration between the parties.

WEINER LAW GROUP LLP
Attorneys for defendants,
City of Englewood and
Detective Juan C. Moreno

Dated: 1/12/23                   By: _____
                                        Alan J. Baratz, Esq.
                                        A Member of the Firm

5